John N. WHITAKER; Ramon Portillo, aka Candido Gutierrez–Elenes; Avelino Avalos; Eduardo Martinez; Virginia Delgado, aka Edna Cabrera; Ri-

cardo Carrizoza, aka Vicente Lopez–Carrizoza; Lauro Rocha Gaxiola; Antonio Rocha Gastelum, Plaintiffs–Appellants,

v.

Gil GARCETTI, Curtis A. Hazell, David Demerjian, Jason Lustig, County of Los Angeles, Willie Williams, Dan Harden, Horacio Marco, Chuck Livingston; Keith Lewis, City of Los Angeles; Does, one through ten. Defendants–Appellees.

No. 00–56237.

D.C. No. CV 99–08196 WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2001.

Decided May 2, 2001.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

MEMORANDUM *

Plaintiffs brought suit under 42 U.S.C. § 1983 and California law for alleged violations of their federal constitutional and state-law rights. The Plaintiffs sought damages and injunctive relief. The district court dismissed the Plaintiffs' claims for injunctive relief on the ground that they lacked standing.[1] We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

In order to have standing to seek injunctive relief, a plaintiff must demonstrate a likelihood of repeated injury or future harm to the plaintiff in the absence of the injunction. See City of Los Angeles v. Lyons, 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1982) (describing the standing requirement for injunctive relief as requiring that the "threat to the plaintiffs" of future injury be "sufficiently real and immediate"); B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999) ("To have standing to seek relief, [the plaintiff] must demonstrate a real or immediate threat that the defendants will again subject him to [another illegal search].") (emphasis added); Imagineering v. Kiewit Pac. Co., 976 F.2d 1303, 1308–09 (9th Cir.1992) ("We conclude that the amended complaint failed to allege sufficient facts to confer standing for purposes of injunctive relief. The complaint did not allege that the named plaintiffs would suffer the same purported injury in the future ....."). Although the plaintiffs in this case alleged ongoing conduct by the defendants, they failed to allege facts es-

1. The district court entered a stay holding in abeyance the Plaintiffs' damages claims, pending the outcome of this appeal. We consider only the standing issue with respect to Plaintiffs' claims for injunctive relief.

tablishing a real and immediate threat that the plaintiffs themselves will be harmed again by the defendants' practices.

AFFIRMED.

---

* John Ashcroft is substituted for his predecessor, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.